**COURT OF CHANCERY
OF THE
STATE OF DELAWARE**

LORI W. WILL
VICE CHANCELLOR

LEONARD L. WILLIAMS JUSTICE CENTER
500 N. KING STREET, SUITE 11400
WILMINGTON, DELAWARE 19801-3734

June 2, 2026

Andrew H. Lippstone, Esquire        Chris Chaney, pro se
Lippstone Law LLC
122 Delaware Street, Suite E-3
New Castle, Delaware 19720

> RE: *Greenfield One III GmbH & Co. KG v. Chaney*,
> C.A. No. 2024-0663-LWW

Dear Counsel and Mr. Chaney:

I have reviewed the plaintiffs' letter seeking leave to file a motion for summary judgment, along with defendant Chris Chaney's response letter.[1] After careful consideration, the request is denied.

"There is no 'right' to a summary judgment."[2] "[T]he court may, in its discretion, deny summary judgment if it decides upon a preliminary examination of the facts presented that it is desirable to inquire into and develop the facts more thoroughly at trial in order to clarify the law or its application."[3] Here, the core

---

[1] Pls.' Letter Requesting Leave to File Mot. for Summ. J. (Dkt. 100) ("Pls.' Request"); Def.'s Response to Pls.' Request for Leave to File Mot. for Summ. J. (Dkt. 101) ("Def.'s Response").

[2] *Telxon Corp. v. Meyerson*, 802 A.2d 257, 262 (Del. 2002) (citation omitted).

[3] *In re El Paso Pipeline P'rs, L.P. Deriv. Litig.*, 2014 WL 2768782, at *9 (Del. Ch. June 12, 2014).

disputes implicate issues of fact and credibility determinations that are unsuitable for resolution on the papers.

Two claims remain in this suit: Count IV for breach of a Side Letter Agreement ("SLA"), and Count V for breach of multiple Simple Agreements for Future Equity ("SAFEs").

In Count IV, the plaintiffs allege that Chaney breached the SLA by routing over $2.7 million of nominal defendant 1Zer0 Labs, Inc. d/b/a Fancurve's capital to pay personal debts rather than financing corporate activities. They assert that document metadata and German criminal authority records prove the relevant promissory note and board consents were fabricated and backdated.[4] As Chaney points out, however, this authenticity dispute cannot be resolved without live testimony and credibility assessments.[5] Chaney notes that a severe decline in NFT transaction volumes during the relevant period creates a triable issue of fact regarding causation.[6]

As for Count V, a default judgment was entered against Fancurve on February 24, 2026.[7] The plaintiffs argue that because Fancurve's breaches of the

---

[4] Pls.' Request 3.

[5] Def.'s Response 2.

[6] *Id.* at 3.

[7] Dkt. 90.

SAFEs are legally admitted, calculating damages for Count V is a basic matter of contract interpretation and operates independently of the SAFEs' liquidation priorities.[8]  Chaney counters that assessing damages under the SAFEs requires a factual analysis of liquidation priorities, senior obligations, and Fancurve's insolvency that the existing record does not readily supply.[9]

Resolving Count IV will require the court to assess credibility and weigh evidence.  "If the matter depends to any material extent upon a determination of credibility, summary judgment is inappropriate."[10]  Resolving Count V requires further factual development to clarify the application of the law.[11]  Accordingly, it is most efficient to proceed to trial in July as scheduled.[12]  IT IS SO ORDERED.

Sincerely yours,

*/s/ Lori W. Will*

Lori W. Will
Vice Chancellor

---

[8] Pls.' Request 4-5.

[9] Def.'s Response 4.

[10] *Cerberus Int'l, Ltd. v. Apollo Mgmt., L.P.*, 794 A.2d 1141, 1150 (Del. 2002).

[11] *See El Paso*, 2014 WL 2768782, at *9.

[12] *See Orloff v. Shulman*, 2007 WL 1862742, at *1 (Del. Ch. June 20, 2007) (explaining that the court denies requests for leave to file motions for summary judgment where such proceedings "are apt to waste, rather than conserve, the resources of the parties and the court").